JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>$47,625.00 IN U.S. CURRENCY, SEVEN UNITED STATES POSTAL MONEY ORDERS VALUED AT $4,000.00, ONE 2014 LAND ROVER RANGE ROVER SPORT, AND MISCELLANEOUS ITEMS VALUED AT $20,100.00,<br><br>          Defendant.<br>_____<br><br>PERRY HICKS,<br><br>          Claimant.<br>_____ | Case No. EDCV 17-00624-JGB(AJWx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

On or about March 31, 2017, Plaintiff United States of America ("the government," "the United States of America" or

"plaintiff") filed a Complaint for Forfeiture alleging that the defendants $47,625.00 in U.S. Currency, Seven United States Postal Money Orders Valued At $4,000.00, One 2014 Land Rover Range Rover Sport and Miscellaneous Items Valued at $20,100.00 (consisting of two Datejust II Rolex watches [Serial Numbers V631391 and 9126655], one gold and diamond pendent and one diamond ring) are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

On or about May 12, 2017, former claimant Shanae Harrison filed a claim to one diamond wedding ring, which is one of the items encompassed within defendant Miscellaneous Items Valued at $20,100.00.

On or about May 12, 2017, claimant Perry Hicks filed a claim to defendants $47,625.00 in U.S. Currency, Seven United States Postal Money Orders Valued At $4,000.00, One 2014 Land Rover Range Rover Sport and (except for the one diamond wedding ring) Miscellaneous Items Valued at $20,100.00.  The defendants claimed by claimant Perry Hicks are hereinafter referred to collectively as the "defendant assets."

Pursuant to the Court's order filed August 18, 2017 (docket no. 34) based upon the parties' stipulation therefor filed August 17, 2017 (docket no. 33), the diamond ring was dismissed from this action and former claimant Shanae Harrison's claim to the diamond ring was withdrawn, leaving claimant Perry Hicks as the sole claimant in this action.

No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and claimant Perry Hicks ("claimant") have now agreed to settle this action relative to the disputes between them and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2.   The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

3.   Notice of this action has been given as required by law.  No appearances have been made in the litigation by any person other than claimant and former claimant Shanae Harrison. The Court deems that all other potential claimants, except for claimant and former claimant Shanae Harrison, admit the allegations of the Complaint for Forfeiture to be true.

4.   The defendants $47,625.00 in U.S. Currency, Seven United States Postal Money Orders Valued At $4,000.00 and One 2014 Land Rover Range Rover Sport shall be and hereby are condemned and forfeited to the United States of America, which shall dispose of those items in accordance with law.  The United States of America shall return, by making the items available for pick up by defendant or defendant's designee, the remainder of the defendant assets (i.e., two Datejust II Rolex watches and one gold and diamond pendent) after defendant is sentenced in

the related criminal case entitled United States of America v. Perry Ladell Hicks, Case No. EDCR 16-00103(A)-JGB and defendant's time to appeal the sentence has expired.

5.    Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the United States Postal Inspection Service or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which claimant hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

6.    The Court finds that there was reasonable cause for the seizure of the defendant assets and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7.    The Court further funds that claimant did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

/ / /

/ / /

/ / /

8.    The United States of America and claimant consent to this judgment and waive any right to appeal.

Dated: April 6, 2018

_____
THE HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented By:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United states Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


/s/ Victor A. Rodgers          _
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA